UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DWAYNE JONES,

                              Plaintiff,

      -against-

CITY OF NEW YORK, BENJAMIN NELSON,
and MATTHEW KANCLER,

                            Defendants.
------------------------------------------------------------X

**COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

       Plaintiff Dwayne Jones, by his attorneys, Lumer & Neville, as and for his Complaint, hereby alleges as follows, upon information and belief:

## PARTIES, VENUE and JURISDICTION

       1.     At all times hereinafter mentioned, plaintiff was an adult male and a resident of the State of New York.

       2.     At all relevant times hereinafter mentioned, defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

       3.     At all relevant times hereinafter mentioned, defendant Benjamin Nelson, Shield No. 4010, was employed by the City of New York as a member of the NYPD.  Benjamin Nelson is sued herein in his official and individual capacities.

       4.     At all relevant times hereinafter mentioned, defendant Matthew

Kancler, Shield No. 24243, was employed by the City of New York as a member of the NYPD. Matthew Kancler is sued herein in his official and individual capacities.

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

6. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Eastern District of New York, where the defendant City of New York resides, and where the majority of the actions complained of herein occurred.

## RELEVANT FACTS

7. On December 28, 2012, at or about 10:30 p.m., plaintiff was lawfully present at 9502 Ditmas Avenue, Brooklyn, New York.

8. At or about that time, defendants Nelson and Kancler approached plaintiff, ordered him to put his hands behind his back, and placed him under arrest.

9. Plaintiff was not immediately informed why he was being arrested.

10. Plaintiff later learned that the defendants claimed to have witnessed the plaintiff smoking a marijuana cigarette.

11. Plaintiff later learned that the defendants claimed to have witnessed the plaintiff flushing the marijuana cigarette down the toilet.

12. In actuality, plaintiff did not actually or constructively possess marijuana, and there was no reasonable basis for the defendants to believe that he possessed such items, or engaged in such conduct.

13. Defendants' allegations that plaintiff possessed and used marijuana were materially false and defendants Nelson and Kancler knew them to be false at the time they were made.

14. Plaintiff was transported to a local area police precinct station house, where he was imprisoned for many hours while his arrest was processed.

15. Plaintiff was later transported to Central Booking, where he was imprisoned for many more hours.

16. As a direct result of the above-mentioned false allegations by the defendants, the plaintiff was criminally charged by the KCDA under docket 2012KN102084 with unlawful possession of marijuana; and tampering with physical evidence.

17. Bail was set at plaintiff's arraignment. As plaintiff was unable to immediately post bail, he was taken into defendants' custody and transported to Rikers Island, where he was held in the municipal defendant's custody.

18. Plaintiff was released from defendants' custody on or about December 31, 2012, although his criminal prosecution continued.

19. On June 6, 2014, plaintiff accepted an adjournment in contemplation of dismissal ("ACD").

20. On December 10, 2014, all charges against plaintiff were dismissed and sealed.

21. At no time did defendants have sufficient legal cause to arrest and imprison plaintiff, nor was it reasonable for defendants to believe such cause existed.

22. The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

23. At all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

24. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

25. Defendants willfully and intentionally seized and arrested plaintiff, and caused him to be imprisoned, without probable cause, and without a reasonable basis to believe such cause existed.

26. By so doing, the individual defendants subjected the plaintiff to false arrest and imprisonment, and thereby violated and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

27. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

28. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

29. Defendants willfully and intentionally fabricated evidence and denied plaintiff a fair trial by falsely claiming that they recovered marijuana from plaintiff's possession, saw him smoke the marijuana, and saw him tamper with evidence. Defendants then forwarded these materially false factual claims to the Kings County District Attorney ("KCDA") in order to justify their arrest of plaintiff and to cause the initiation and continuation of criminal process against plaintiff.

30. By so doing, the individual defendants, individually and collectively, subjected the plaintiff to the deprivation of his right to a fair trial through the use of fabricated evidence, and thereby violated, and aided and abetted in the violation of plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution.

31. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, monetary damages, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## THIRD CAUSE OF ACTION

32. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

33. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

34. Defendants had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, abuse of arrest powers, use of fabricated evidence, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

35. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the use of fabricated evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

36. The acts complained of herein are a direct and proximate result of the

failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers.

38. 37. The failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

38. The official policies, practices and customs of the City of New York and the NYPD alleged herein violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the Constitution of the United States.

39. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures, and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

40. Therefore the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of the plaintiff's constitutional rights.

41. By reason thereof, the municipal defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, deprivation of liberty, and the loss of his constitutional rights.

## **DEMAND FOR A JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

i. on the first cause of action, actual and punitive damages in an amount to be determined at trial;

ii. on the second cause of action, actual and punitive damages in an amount to be determined at trial; and

iii. on the third cause of action, actual damages in an amount to be determined at trial; and

iv. statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

v. such other relief as the Court deems just and proper.

Dated: New York, New York
       July 27, 2015

LUMER & NEVILLE
Attorneys for Plaintiff

By: _____
Michael Lumer (ML-1947)
Chaya Gourarie (CG-7955)
225 Broadway, Suite 2700
New York, New York 10007
(212) 566-5060